VAN VALKENBURGH, Appellant, vs. CITY OF MILWAUKEE, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*October 31—November 18, 1913.*
*March 5—May 1, 1914.*

*Municipal corporations: Board of public works: Replacing defective sidewalk: Necessity: Determination, when conclusive: Width of walk: Mistake in order therefor: Correction: Assessment.*

1. Where the board of public works of a city, acting within its authority, determines that a sidewalk is so out of repair that it should be replaced by a new one, such determination is conclusive if it rests upon any reasonable basis.

2. A city ordinance required that the sidewalk in a certain locality should be fifteen feet in width. The board of public works, in ordering a new sidewalk to be built by a contractor, did not specify its width but stated the area thereof, such area being sufficient only for a six-foot walk. The contractor actually constructed a fifteen-foot walk in conformity with the ordinance. *Held,* that the mistake in the order was a mere irregularity which could be corrected by the board of public works by providing for an assessment to cover the cost of the walk actually constructed.

APPEALS from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

Action to recover the value of a quantity of lumber alleged to have belonged to plaintiff and wrongfully converted by the defendant to its own use; also to recover the amount of a sidewalk tax, alleged by the plaintiff to have been wrongfully assessed upon his property and paid by him under protest.

The trial court found the facts to be as follows: During the times material to the case plaintiff was the owner of lots 15 and 16, block 6, in the Fifth ward of the city of *Milwaukee,* Wisconsin. May 29, 1908, said city contracted with one Markey to remove defective sidewalks in said ward. October 13th, thereafter, Markey, pursuant thereto, removed a wooden sidewalk in front of plaintiff's property. Defendant did not convert to its own use the plaintiff's lumber. By a city ordinance the sidewalk in question was required to be fifteen feet wide. The sidewalk alleged to have been wrongfully taken up was out of repair October 2, 1908. On that day Markey, under his contract, was duly ordered by the board of public works of said city to construct a cement sidewalk in front of plaintiff's property according to specifications. The order recited that the area of the walk to be constructed was about 480 square feet, rate eleven and three-eighths cents per square foot, and contract cost $54.60. The only order in the matter was the one containing such recital. Plaintiff was informed of the contents of the order soon after it was made. Pursuant thereto Markey removed the old and built the new walk. Thereafter the city engineer certified completion of the walk, reciting that it contained 1,133 square feet, costing, at the contract rate, $128.88, and with some extras, $134.88. Markey's claim for that amount was extended against plaintiff's property in the assessment roll of 1909 and was paid by him under protest. He demanded return of the money so paid before this action was commenced.

Upon such facts the court decided that plaintiff had no cause of action to recover for conversion of lumber, but that defendant had no authority to levy any sum against plaintiff's property for the cement sidewalk in excess of $54.60, and that he was entitled to recover his excess payment, to wit, $74.28, and costs. Judgment was rendered accordingly. Both sides appealed.

*Frank B. Van Valkenburgh, in pro. per.,* for the plaintiff.

For the defendant there was a brief by *Daniel W. Hoan*, city attorney, and *Clifton Williams*, special assistant city attorney, and oral argument by *Mr. Williams*.

The following opinion was filed November 18, 1913:

Marshall, J. Plaintiff challenges the finding of fact in defendant's favor as to the latter having appropriated the former's lumber which came from the old walk. If the court erred in respect to that, plaintiff should have had judgment for such lumber. He also complains of the finding to the effect that the old sidewalk was replaced by the new one because of the former being defective,—the theory being that, if the old sidewalk was in such good condition that there was no reason for replacing it other than because the board of public works favored cement walks, the displacement was illegal. Those matters are ruled in defendant's favor because the record does not satisfy us of the findings being against the clear preponderance of the evidence.

Assuming for the case that counsel is right as to the limit of authority to replace the old with new sidewalks, the record does not convince us, clearly, that the board of public works failed to observe such limitation. Whatever conditions precedent to the right of the board to act existed, in the absence of pretty clear evidence to the contrary, we must assume that it kept within the scope of its authority. So far as it was required to pass upon matters of fact, as for example whether the old sidewalk was out of condition, or its being out of condition was so liable to occur that its replacement by a new walk was reasonably necessary, its judgment is conclusive if it rests on any reasonable basis. To overturn such judgment would require a case showing a clear abuse of authority. However, here, as indicated, there is a finding that the old sidewalk, on the day when it was taken up, was defective and we do not see our way clear to overrule that decision.

The defendant's appeal challenges the recovery by plaint-

iff of the amount of the tax paid under protest in excess of the sum appropriate to the order entered by the board of public works for construction of a cement sidewalk, containing about 480 feet. The jurisdictional requisite to the contractor legally constructing the sidewalk was the order entered by the board. His agreement with the city was to replace defective sidewalks with cement walks as he should be ordered in writing by such board. He was thus ordered as to a walk of about 480 feet, that being sufficient for a six-foot walk. It gave him no warrant for constructing a fifteen-foot walk. The trial court ruled correctly in limiting the right of the city to charge plaintiff's property for the contractor's benefit to the contract cost of the work he was ordered to construct.

Counsel denominates the call in the order made by the board of public works for a six instead of a fifteen-foot walk as a mere clerical mistake; and insists that it was in no sense jurisdictional. It may be that a six-foot walk was ordered when a fifteen-foot should have been, but the difficulty can hardly be called a clerical mistake. The order was a final discretionary act of the board of public works. It doubtless specified just what it intended to at the time. The contractor had no authority to proceed other than upon the order and was limited thereby. It is not perceived why he was not a mere voluntary actor as to whatever he did beyond the scope of such order.

*By the Court.*—The judgment is affirmed.

TIMLIN, J. (*dissenting*). By a city ordinance, which, when reasonable and within the legislative jurisdiction of the common council, has the same force as a statute, this sidewalk was required to be fifteen feet wide like other sidewalks in that part of the city. The board of public works ordered a sidewalk built without specifying the width, but in describing its area evidently computed this upon a width of six feet. The contractor built a fifteen-foot sidewalk as the ordinance required and the lotowner paid for the same and now sues to

recover what it cost in excess of the erroneous computation contained in the order of the board of public works. By permitting a recovery on this technicality we give the plaintiff a sidewalk fifteen feet wide at the cost of one six feet wide, discriminate in his favor as against other abutting owners in his immediate vicinity, add to the embarrassments and difficulties of municipal governments; and then probably wonder why American city government has not been a success.

A motion for a rehearing in this action was granted February 3, 1914, and in deciding the case as resubmitted the following as the action of the court, was filed May 1, 1914:

PER CURIAM. When this cause was first disposed of there was no forgetfulness of decisions or of principles as regards sidewalks being required and construction thereof and payment therefor enforced under the police power. Counsel for the city are not at fault in any respect because of not having done their full work when the case was presented before. The facts were well understood; but the court was of the opinion that the sole authority of the contractor was the order of the board of public works to construct a sidewalk containing about 480 feet; that any construction beyond that was in excess of authority, and, therefore, the levying of a tax to pay therefor was in the nature of making a gift to the contractor which would not be legitimate. However, on reconsideration of the case, the court is constrained to hold that the order, substantially for a six-foot instead of a fifteen-foot walk, was a mere irregularity which it was competent for the board of public works to correct by providing for an assessment to cover the cost of the walk actually constructed and which the order to the contractor, but for inadvertence, would have called for. It seems that the ordinance under which the walk was relaid called for a fifteen-foot walk in case of a reconstruction. The contract for the construction contemplated the building of a walk in conformity to the ordinance in re-

spect to the width.  The contractor, upon receiving the notice under his contract, instead of taking note of the error therein and having it corrected before proceeding, constructed such a walk as the law required.  The court inclines now to the view that the board had authority to rectify its own blunder by making the necessary assessment to pay for such a walk as the ordinance called for and which was, in fact, constructed and which the lotowner got the benefit of.

The judgment appealed from is, therefore, reversed, and the cause remanded with directions to dismiss the same with costs.